**CORRECTED OPINION**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4493**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE DENON MILLER, a/k/a Wank,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:18-cr-00054-FL-1)

Submitted:  October 24, 2022                    Decided:  December 5, 2022

Corrected Opinion Filed:  February 1, 2023

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Denon Miller was convicted by a jury of conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine and less than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute 50 grams or more of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 2).  The district court sentenced Miller to 340 months' imprisonment.  On appeal, Miller's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the sentence imposed is reasonable.  Although Miller filed his pro se supplemental brief well beyond the expiration of the period in which to do so, the court has considered the claims therein and finds that they warrant no relief.  We affirm Miller's convictions and sentence.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'"  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020)  (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[ ]

2

the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

"If the sentence 'is procedurally sound, [this court] then consider[s] the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within or below a properly calculated Guidelines range is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut the presumption only by showing the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Miller objected to the drug quantity attributed to him in the presentence report. During the sentencing hearing, the Government produced evidence concerning the seizure of drugs from Miller during several searches of his residences, as well as statements Miller made to law enforcement officers in which he provided details concerning his drug distribution activities. Based on this evidence, we find that the district court did not clearly err in determining the quantity of controlled substances for which Miller was accountable and that his base offense level was 32. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2018) (assigning base offense level 32 for offenses involving "[a]t least 3,000 KG but less than 10,000 KG of Converted Drug Weight").

3

Miller also contests the sentencing enhancements imposed for possession of a deadly weapon, maintaining a premises, supervisory role, involving an individual under the age of 18 in a controlled substance offense, and obstruction of justice.

The advisory Sentencing Guidelines authorize a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed" in connection with a drug trafficking offense. USSG § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* cmt. n.11(A). "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017). "If the government carries its burden, the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted).

The probation officer reported that two firearms were seized during a June 2017 search of Miller's residence after two controlled drug purchases were made at that residence. Also, during a June 2017 traffic stop of Miller, a loaded firearm was discovered in the trunk of the vehicle. And, during the April 2018 search of Miller's residence, investigators recovered a loaded handgun magazine, drugs, and drug paraphernalia. We find no clear error in the district court's determination that it was not clearly improbable that the guns were possessed in connection with drug activity. *See Pena*, 952 F.3d at 512.

4

Miller also contests the two-level enhancement for maintaining a premises for the purpose of distributing a controlled substance. A two-level enhancement is applied when an individual "maintain[s] a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." USSG § 2D1.1 cmt. n.17. Miller does not dispute that he held a possessory interest in the residence and controlled access to it. And the evidence showed that he sold controlled substances from the residence and that drugs were found there during the execution of the search warrant. We conclude that the district court did not clearly err in finding by a preponderance of the evidence that the sale and storage of drugs was one of the primary uses of Miller's home. *See United States v. Bell*, 766 F.3d 634, 638 (6th Cir. 2014) ("Drug storage on the property and transactions on the property will usually suffice [to establish primary use.]"); *United States v. Miller*, 698 F.3d 699, 706-07 (8th Cir. 2012) (affirming enhancement where defendant participated in controlled buys on the property and admitted accepting payments that she knew were for methamphetamine purchases).

Miller also challenges the enhancements for supervisory role and for employing a minor during a drug crime. The court overruled these objections, citing Miller's statements to law enforcement that he and Jason Canady purchased drugs together and that he utilized his half-brother and another man to sell drugs for him to insulate himself. The Government also presented evidence that law enforcement made a controlled purchase of methamphetamine from Miller's half-brother at Miller's residence in January 2018 and

5

that Miller's half-brother was 17 years old at the time. We find no clear error by the district court in assessing the three-level role enhancement, USSG § 3B1.1(b), and the enhancement for involving a minor in the sale of controlled substances, USSG § 2D1.1(b)(16)(B). *See Pena*, 952 F.3d at 512.

Lastly, Miller contests the assessment of a two-level increase for obstruction of justice. In upholding this enhancement, the district court found that Miller's trial testimony was false, that it was contrary to a wealth of other evidence of his guilt, and that it was contrary to the physical evidence, the testimony of other witnesses, and the statements that Miller gave to law enforcement officers. Our review of the record supports these findings, and we conclude that the district court did not clearly err in assessing the two-level enhancement for obstruction of justice. *See Pena*, 952 F.3d at 512.

After adding these enhancements to the base offense level 32, the district court properly determined that Miller's adjusted offense level was 43. And with criminal history category III, his advisory Guidelines range was life imprisonment. *See* USSG ch. 5, pt. A (sentencing table). The district court thereafter addressed the § 3553(a) factors and provided an individualized explanation its reasons for imposing a sentence below the advisory Guidelines range. We conclude that Miller's 340-month sentence is procedurally reasonable. *See Fowler*, 948 F.3d at 668.

If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017)

6

(internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted). Here, the district court varied downward from the Guidelines range, explaining that a life sentence was not warranted in Miller's case. Instead, the court imposed a 340-month sentence, emphasizing the dangerousness of drug dealing and the prolonged and large-scale nature of Miller's drug trafficking activity. The court also explained that the 340-month sentence was appropriate in light of Miller's dangerousness, the nature and circumstances of the offense, and Miller's background. We conclude that the 340-month, below-Guidelines range sentence was reasonable and was not an abuse of discretion, *Vinson*, 852 F.3d at 357.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Miller, in writing, of the right to petition the Supreme Court of the United States for further review. If Miller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miller. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*